## LOWE and PATTISON v. BELL and MCLAY.

*If a factor in the execution of a commission to purchase, deviate from his orders in price, quality or kind, the articles must remain on his own account.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *A. N. Ogden*, for plaintiff. *J. S. Halsey*, for defendants. The judgment of the court was pronounced by

PRESTON, J. On the 17th of November, 1847, the defendants, merchants, residing in Glasgow, addressed to the plaintiffs a letter containing this order: "Gentlemen: In *Mr. Brown's* last letter to us, he says Indian corn could be sent either here or to Liverpool, at from thirteen to fourteen shillings a boll of two hundred and eighty pounds, all charges included. If you could send it at the same, or even a shilling higher, we would like you would send from a thousand to one thousand five hundred pound's worth." In another part of the letter they say: "We would like you would not loose this opportunity, if it can be sent here or to Liverpool for fourteen or sixteen shillings a boll of two hundred and eighty pounds."

In a letter dated the 2d of December, 1847, they say: "Push this lot of Indian corn off as soon as possible, so that we may get the advantage of the times, for we are quite sure it can be sent here at our limits, and if in good order, and the best quality, it will leave a little."

On the 18th of January, 1848, the plaintiffs purchased and immediately shipped the quantity of corn ordered, but at such a price that, with the charges, it cost eighteen shillings and five pence the boll of two hundred and eighty pounds in Liverpool.

The defendants refused to receive the corn on the ground that the plaintiffs had given more for it than the limit fixed; and it was sold at a great loss for which the plaintiffs bring suit.

It is laid down in all the elementary writers upon commercial law and upon agency, that if a factor, in the execution of a commission to purchase, deviate from his orders in price, quality or kind, the articles must remain on his own account. Paley on Agency, 28.

In the case of *Cornwall v. Wilson*, 1 Ves. 509, Lord Hardwicke used this language: "the defendant insists that the plaintiffs having exceeded their orders

as factors, in which they are not warranted, he is justified in refusing the contract, and turning it upon the plaintiffs themselves, making them principals; to prove which merchants have been examined on both sides, and the result is, that if a factor have not a general, but a limited authority to purchase at a certain price, if he exceed that, his principal is not bound to adopt the contract and accept the goods; and reason agrees therewith."

The price given for the corn in this case exceeded by more than an eighth the highest limit allowed by the defendants; and by the principles of law just cited, they were clearly justified in refusing to adopt the contract.

The plaintiffs, however, contend that they acted in good faith, of which there is no doubt, and that the mistake was occasioned by the loose, negligent, and confused manner in which the defendants gave their instructions. They had shortly before ordered a quantity of wheat at a certain rate for the boll of two hundred and eighty pounds, but immediately afterwards corrected their order by stating that it should have been a boll of two hundred and forty pounds which they meant. There is no doubt this circumstance lead the plaintiffs into the unfortunate error. The term *boll* is not known in our commerce, but in Glasgow is a measure which contains two hundred and eighty pounds of corn, but only two hundred and forty pounds of wheat.

As the order for the corn was explicit in reference to the pound weight perfectly known in our commerce, we think it was the misfortune of the plaintiffs not to have governed themselves by it in executing the order, or at least not to have awaited explanatory instructions.

It is urged, that this matter, which constitutes the whole defence, is not presented by the pleadings. We think it is, by the statement in the petition, that the defendants refused to receive the corn on this ground, and that it was only a pretence. It has certainly been fully investigated by the evidence.

We do not feel authorized to reverse the judgment of the district court in favor of the defendants, especially as it is always incumbent on a plaintiff in order to obtain judgment to make out a case free from reasonable doubt.

The judgment of the district court is therefore affirmed, with costs.